**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LOCAL UNION NO. 25, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, and Nassau-Suffolk Chapter of the National Electrical Contractors' Association, Inc., and Alcap Electrical Corporation, Respondents.**

**No. 45, Docket 78–4082.**

United States Court of Appeals, Second Circuit.

Argued Oct. 10, 1978.

Decided Nov. 3, 1978.

7. See note 3, *supra.*

Marjorie S. Gofreed, Atty., N.L.R.B., Washington, D.C. (John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, and Elliott Moore, Deputy Associate Gen. Counsel, N.R.L.B., Washington, D.C., on the brief), for petitioner.

Ralph P. Katz, New York City (Delson & Gordon and Jeffrey S. Dubin, New York City, on the brief), for respondent Local Union No. 25, International Brotherhood of Electrical Workers.

Terence F. Gaffney, Garden City, N.Y., for respondents N.E.C.A. and Alcap.

Before LUMBARD, MANSFIELD and OAKES, Circuit Judges.

LUMBARD, Circuit Judge:

The National Labor Relations Board, pursuant to section 10(e) of the National Labor Relations Act, 29 U.S.C. § 151 et seq. [NLRA], petitions for enforcement of its supplemental order issued against respondents Local 25, the Nassau-Suffolk Chapter of the National Electrical Contractors' Association, and Alcap Electrical Corporation. The order, which invalidates part of Local 25's collective-bargaining agreement, was issued August 31, 1977 and reported at 231 NLRB No. 170.

The collective-bargaining agreement between Local 25 and the other respondents

first received the attention of the NLRB on June 6, 1973 when one Ernesto Flores, an American citizen of Puerto Rican ancestry, filed a complaint with the NLRB alleging that the union had engaged in unfair labor practices by failing to provide him with job referrals because he was not a member of the union. Later, in an amended consolidated complaint, the NLRB alleged that the union had also failed to provide job referrals to one George Colletti because he too was not a member of the union. In a decision announced June 28, 1974, Administrative Law Judge Samuel Ross found that the union had referred union members to jobs to which Flores and Colletti had equal or superior claims, and that the union had done so not for lawful reasons, but solely in order to favor union members over non-members and to encourage union membership, thereby engaging in unfair labor practices.

Although this ruling disposed of the issues raised by the NLRB complaint, Judge Ross went beyond the complaint to consider the legality of Article XI of the collective-bargaining agreement, which provides that an applicant

> who has registered for referral but who thereafter is employed in the building and construction trade in Nassau and Suffolk Counties as an electrician for an employer who does not pay the wage rates and fringe benefits contained in this Collective Bargaining Agreement, shall be ineligible for referrals . . . for a period of one year following the termination of such employment.

The question of Article XI's legality was not raised in the amended complaint, in the briefs, or in oral argument, and no evidence was presented concerning this issue. Judge Ross nevertheless concluded, *sua sponte,* that Article XI is illegal on its face under sections 8(b)(1)(A) and (2) of the NLRA because it unlawfully encourages unionism. The NLRB contends that this court should enforce its order embodying the findings and conclusions of Judge Ross invalidating Clause XI.

In their original statement of exceptions to Judge Ross's decision, respondents objected to his holding with respect to Article XI not because they had been denied a fair hearing with respect to that provision, but because they believed that his decision was legally incorrect. At oral argument before this court, however, respondents for the first time argued that his decision with respect to Article XI violated the Administrative Procedure Act, 5 U.S.C. § 554, and therefore denied them due process, because that decision was rendered without informing respondents that the legality of Article IX was to be an issue in this case. Section 554 of the Administrative Procedure Act requires, in relevant part, that "persons entitled to notice of an agency hearing shall be timely informed of . . . the matters of fact and law asserted. . . . [t]he agency shall give all interested parties opportunity for . . . the submission and consideration of facts, arguments, offers of settlement, or proposals of adjustment when time, the nature of the proceeding, and the public interest permit . . ." Since the question of Article XI's legality was not raised in the amended complaint, in the briefs, or in oral argument, and no evidence was presented concerning that issue, we agree with respondents that they did not receive the notice required by the APA and that the decision of the Administrative Law Judge, as well as the order of the NLRB adopting that decision, cannot stand. See *Montgomery Ward & Co. v. NLRB,* 385 F.2d 760, 763 (8th Cir. 1967). See also *Engineers and Fabricators, Inc. v. NLRB,* 376 F.2d 482, 485 (5th Cir. 1967); *NLRB v. Majestic Weaving Co.,* 355 F.2d 854, 861 (2d Cir. 1966).

Because the Administrative Procedure Act contention was not urged below, petitioner argues that section 10(e) of the NLRA prevents respondents from pressing that point here. Section 10(e) provides that "[n]o objection that has not been urged before the Board . . . shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." But we find petitioner's reliance

on an apparent procedural defect unavailing for several reasons. First, while they have since added to the ground on which their objection rests, respondents did object to the Administrative Law Judge's holding with respect to Article XI before his decision was reviewed and adopted by the Board. Respondents have not slept on their rights and the NLRB has not been prejudiced. Second, the record discloses that on at least one occasion the Board refused to hear respondents' objections. Third, where an administrative law judge reaches a factual and legal conclusion without the benefit of the views of the parties concerned, without any evidence, and without conforming to the procedure mandated by the Administrative Procedure Act, we do not feel that a failure to object below would necessarily require that this court affirm a decision rendered under such circumstances. At oral argument before this court respondents claimed that at an evidentiary hearing they would have introduced evidence that might have influenced the Administrative Law Judge's ruling on the legality of Article XI. Fourth, the Administrative Law Judge and the NLRB may have exceeded their statutory authority in passing upon the validity of Article XI when no party to the proceeding complained of its operation or alleged harm therefrom. See *NLRB v. Industrial Union,* 391 U.S. 418, 424, 88 S.Ct. 1717, 20 L.Ed.2d 706 (1968). Certainly a failure to object below on the precise grounds later urged before this court does not require this court to affirm an administrative ruling suffering from as many infirmities as this one. We therefore decline to order enforcement of so much of the Board's supplementary order as deals with Article XI but express no views with respect to the legality of that Article.

Because the Board's order that the union maintain "permanent hiring records" relates to the Board's finding of other violations of the NLRA which respondents have not appealed from, we grant enforcement to that order but only as modified to require that records be kept for two years.

With respect to the Board's award of back pay, the money has already been paid and the matter is therefore moot.